# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6817 | **DATE** | 7/9/2002 |
| **CASE TITLE** | Paul H. Krawczyk vs. Gary Del Re, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Krawczyk's Rule 16 issue-narrowing motion is denied, as are all of his additional motions relating to Del Re's responsive filings. (60-1, 79-1, 80-1, 81-1, 81-2, 82-1, 82-2) Del Re's motion for leave to add a defense is continued pending Krawczyk's responsive submission to be filed on or before July 23, 2002. This court set a status hearing for 9 a.m. July 26, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 11 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 94 |
| | Copy to judge/magistrate judge. | | 7/9/2002 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL H. KRAWCZYK, )
)
        Plaintiff, )
)
v. ) No. 98 C 6817
)
GARY DEL RE, etc., )
)
        Defendant. )

MEMORANDUM OPINION AND ORDER

Paul Krawczyk ("Krawczyk") has charged his former employer Gary Del Re ("Del Re"), in his official capacity as Sheriff of Lake County, Illinois, with discriminating against Krawczyk in violation of the Americans with Disabilities Act ("Act," 42 U.S.C. §12101-12117). Krawczyk alleges that Del Re terminated his employment as a deputy sheriff without determining whether a reasonable accommodation would have enabled him to continue working in that position or in another available position.

Krawczyk has now moved under Fed. R. Civ. P. ("Rule") 16 to narrow the issues in advance of trial by finding (1) that Del Re's policy, which assertedly mandates the termination of all deputy sheriffs who exhaust their disability leave without obtaining full medical releases with no limitations, is a per se violation of the Act and (2) that Del Re also violated the Act by failing to determine Krawczyk's precise physical limitations and to assess whether any reasonable accommodations would have enabled him to continue working as a deputy sheriff or in any

other available position. Krawczyk's motion for resolution of those issues as a matter of law is analogous to a Rule 56(d) proceeding in the summary judgment area (see 6A Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d §1529, at 299-301 (2d ed. 1990)). Accordingly the parties have sought to conform their filings to the requirements of this District Court's LR 56.1.[1]

After Del Re filed his response, Krawczyk tendered additional motions urging that his Rule 16 motion should be granted because of various deficiencies in Del Re's LR 56.1 statement and response memorandum.[2] Despite those faults--which are truly glaring, although not limited entirely to Del Re's side--it is clear from the parties' filings that genuine disputes of material fact exist between the litigants on the key issues in

---

[1] LR 56.1 calls for evidentiary statements and responses to such statements (in each instance with record citations), thus highlighting the existence or nonexistence of factual disputes. This opinion cites to Krawczyk's LR 56.1(a)(3) statement as "K. St. ¶ --" and to Del Re's LR 56.1(b)(3)(B) statement of additional facts as "D. St. ¶ -." Del Re's LR 56.1(a)(3) response is cited as "D. Resp. ¶ --" although where a K. St. assertion is not controverted a citation to that statement ordinarily suffices.

[2] In particular, Krawczyk has filed motions (1) to strike Del Re's LR 56.1(b)(3) response, deem Krawczyk's LR 56.1(a) statement admitted and enter judgment for Krawczyk, (2) to strike Del Re's statement of additional uncontested and material facts and (3) to strike pages 3 through 9 of Del Re's Memorandum. Recognizing flaws in his own initial filing, Krawczyk has also filed a motion to authenticate certain documents that he cited and to add additional citations where authentication was not possible.

2

this action. Krawczyk's motion for an issue-narrowing finding is therefore denied--as are all of his other motions.

## Compliance with LR 56.1

Before proceeding to a recitation of the relevant facts, this opinion will briefly address the parties' noncompliance with LR 56.1. As n.1 indicates, LR 56.1(b)(3) requires a nonmovant to file a response to the movant's statement of assertedly uncontested and material facts. That response must address each numbered paragraph in the movant's statement individually, providing specific record citations whenever the nonmovant denies one of the movant's facts. In addition, nonmovants must provide statements of any additional facts that require the denial of the motion, also supported by specific record citations.

Del Re's noncompliance with those requirements has been pervasive. In many instances his "responses" are, quite simply, non-responsive. Instead he repeatedly introduces extraneous facts, advances legal arguments and attempts to instruct this Court on the inferences it should or should not draw from pieces of evidence.

To pick a representative example, K. St. ¶60 (record citations omitted) asserts:

> Ellis [an external medical management company] was not involved in evaluating potential accommodations or determining what accommodations would allow Plaintiff to continue his employment with Lake County either within or without the Sheriff's Department.

3

D. Resp. ¶60 (record citation omitted) purports to "respond":

> Defendant denies the allegations of Paragraph 60. Ellis was retained to work with Plaintiff to achieve maximum physical/functional capacity for Plaintiff, which was one of the accommodations afforded Plaintiff.

Obviously, that purported "denial" does no such thing--providing evidence that Ellis was "retained to work with" Krawczyk in no way meets head on, and thus refutes, Krawczyk's evidence that Ellis was not involved in evaluating or determining potential accommodations.

Del Re's repeated attempts to advance his own factual and legal arguments in his responses subverts the purpose of the LR 56.1 statements, which is to assist the court in identifying whether any issues of material fact exist. Each time that Del Re fails to respond to the facts as claimed by Krawczyk, LR 56.1(b)(3)(B) provides that Krawczyk's statements are deemed admitted.

Del Re's statement of additional facts is also seriously flawed, containing numerous statements that are "supported" either by incompetent evidence or by no citations whatsoever (see, e.g., D. St. ¶¶133, 138, 139, 143, 145, 146 and 150). As a consequence, much of that statement must be disregarded.[3] To be

---

[3] Krawczyk has urged this Court to strike that entire submission because, instead of being contained in a separate document explicitly labeled as a LR 56.1(b)(3)(B) statement of additional facts, Del Re has appended it to his response to Krawczyk's statement. But even a quick glance at LR 56.1(b) reveals that there are no such "separate document" or "explicit

4

fair, Krawczyk somewhat resembles the proverbial pot calling the kettle black: Many of the paragraphs in his own LR 56.1 statement similarly rely on unauthenticated documents (see, e.g., K. St. ¶¶41, 42, 63, 64, 67, 68, 82, 91, 92, 93, 98, 100, 101, 109 and 110), a deficiency that he has now tried to remedy with a motion to authenticate certain documents and to add additional citations. Because the issues in his Rule 16 motion can be resolved without consideration of those documents, they are also disregarded for present purposes.

It is well within this Court's discretion to enforce LR 56.1 strictly (Bordelon v. Chicago Sch. Reform Bd. of Trs., 233 F.3d 524, 527 (7th Cir. 2000) is typical of a host of cases so holding). But because both sides are guilty of failing to adhere to that rule with the necessary faithfulness, and because it is possible--although just barely--to discern the disputed issues from their filings, this Court declines to impose the harsh penalty of striking Del Re's entire response and will instead proceed with its analysis of the evidence.[4] What follows in the brief Facts section comes from statements that are undisputed by

---

label" requirements and that Del Re's format conforms to the general requirements of the rule. Krawczyk's motion--which borders on frivolous--is denied.

[4] As will become clear, even if this Court were to grant Krawczyk's motion to strike Del Re's response that would not result in a win for Krawczyk, because he is clearly not entitled to a favorable ruling as a matter of law (see LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995)).

5

the parties.

Facts

Krawczyk was employed as a deputy sheriff by the Lake County Sheriff's Department from 1984 until September 30, 1996 (K. St. ¶¶7-8). On April 2, 1993 Krawczyk fell while on duty. About a month later he began to experience numbness and tingling in the fingers of his right hand, a condition that worsened increasingly (K. St. ¶16). Despite receiving continuing medical treatment, by March 1994 Krawczyk was losing sensation in his right arm and fingers (K. St. ¶18).

Before a mandatory firearm range qualification scheduled for July 1, 1994, Krawczyk told his immediate supervisor that he would not be able to attend due to the problems with his right arm (K. St. ¶¶30-31). Some time after July 13, 1994 Krawczyk was transferred to a deputy sheriff position in bond court that did not require him to carry a weapon (K. St. ¶44). Then in early August he was transferred to a light-duty position in Lake County's Department of Human Resources, where he worked for about a year (K. St. ¶¶46, 51).

In September 1995 Krawczyk went on temporary total disability (K. St. ¶81). Krawczyk's return to full duties was contingent on his providing Del Re with a medical release (K. St. ¶88). About September 26, 1996 Del Re notified Krawczyk that he had exhausted his disability leave and that his employment would

terminate if he did not return to full duties without restriction by September 30 (K. St. ¶103). On the next day Krawczyk telephoned Kurt Proschwitz ("Proschwitz"), the Sheriff's Department's Chief of Operations, and asked that he be returned to employment in some capacity (K. St. ¶107). Krawczyk was not given an opportunity to pass the firearm range qualification at that time (K. St. ¶116).

On September 30, 1996, Krawczyk's employment was terminated because (1) he had not told Del Re that he was able to perform the essential functions of his job and (2) he had exhausted the one-year disability leave available to him (K. St. ¶118). Krawczyk filed a grievance on October 4, 1996 asserting that he was terminated without just cause (K. St. ¶120), and he then filed a charge of discrimination with EEOC on October 24, 1996 (D. Resp. ¶1). Nearly two years later--about August 1, 1998--Krawczyk received a right to sue letter from EEOC, and he then timely filed this suit (K. St. ¶3).

### Del Re's Policy as to Medical Releases

Krawczyk first urges this Court to find that Del Re had a policy and practice of terminating the employment of deputy sheriffs who reached the end of their disability leave without obtaining a full medical release with no restrictions. Such a policy, Krawczyk contends, would be a per se violation of the Act.

7

Employer policies that require employees to be "100% healed" violate the Act's requirement that employers conduct case-by-case assessments of an individual's ability to perform the essential aspects of a job (Hendricks-Robinson v. Excel Corp., 154 F.3d 685, 699 (7th Cir. 1998); Weigel v. Target Stores, 122 F.3d 461, 466 (7th Cir. 1997)). And Krawczyk presents evidence suggesting that Del Re applied just such a policy to him. Chief of Operations Proschwitz, Lake County's Director of Human Resources Cliff Vandyke and Lake County's Risk Manager Vincent Pape all testified that the Sheriff's Department policy required Krawczyk to obtain a full medical release with no restrictions-- confirmation from his doctor that he was completely recovered-- before he would be permitted to return to work (K. St. ¶¶88, 123).

Del Re counters, however, by pointing to different portions of Proschwitz's deposition in which he testified that Krawczyk would have been permitted to return to active duty even if his medical release had contained certain restrictions (D. St. ¶¶88, 106). Because the current motion requires all evidence to be construed in the light most favorable to nonmovant Del Re, that testimony is enough to raise an issue of material fact about what Del Re's policy and practice actually was. Krawczyk's motion on that issue must be and is denied.

Reasonable Accommodation

Krawczyk next argues that Del Re violated the Act by failing to determine Krawczyk's precise physical limitations and to assess whether any accommodations would have enabled him to continue working either as a deputy sheriff or in another available position. But again factual disputes prevent Krawczyk from prevailing on that issue at this juncture. In particular, there is conflicting evidence about:

1. whether (and when) Krawczyk informed his employer that he wanted to attempt to re-qualify at the firearm range (D. Resp. ¶¶65, 74, 108);

2. whether employees of the Sheriff's Department worked with Krawczyk appropriately to ascertain whether he could perform any available permanent position with or without an accommodation (D. Resp. ¶¶70, 73);[5]

3. whether Krawczyk was told in September 1995 that he must apply for disability benefits, or whether instead he

---

[5] Several of Del Re's responses suggest a fundamental misunderstanding of the term "accommodation" in the context of the Act. When Del Re mentions accommodations, he repeatedly claims that Krawczyk was given accommodations in the form of one year of light duty and one year of disability leave, both "with the goal of returning him to a deputy sheriff position" (see e.g. D. Resp. ¶¶62, 66, 73, 89 and 106). "Accommodation" of course means something entirely different in the context of the Act, referring instead to a reasonable modification of some aspect of the work environment that permits an otherwise qualified individual to perform in a position (see 42 U.S.C. §12112(b)(5)(A)). That position could be either the position held before the onset of disability or another position available with the employer.

9

chose disability benefits from among several options
presented to him (D. Resp. ¶81);

4. whether any deputy sheriff positions do not require
the use of firearms (D. Resp. ¶85); and

5. whether there were any available non-deputy-sheriff
positions for which Krawczyk was qualified (D. Resp. ¶¶70-
72, 113).

Those factual disputes preclude any ruling as a matter of law on the issue of accommodation.[6]

## Del Re's Motion To Amend His Response

One additional matter remains: Del Re's motion for leave to file an amended answer that would for the first time assert as an affirmative defense the 300 day statute of limitations for employment discrimination. Under Rule 8(c) defendants are required to plead all affirmative defenses in the answer, so that the failure to do so has often been held to forfeit an omitted defense. On the other hand, Rule 15(a) confers a level of discretion to allow an amended answer to assert an affirmative defense not raised initially.

Before an order can be issued on that matter either way, Krawczyk must be given an opportunity to respond to Del Re's motion. To that end, Krawczyk is given until July 23, 2002 to

---

[6] Del Re also contends that Krawczyk does not qualify as disabled under the Act. Issues of material fact exist on that question as well.

file such a response. No reply by Del Re will be entertained unless this Court requests it.

## Conclusion

Krawczyk's Rule 16 issue-narrowing motion is denied, as are all of his additional motions relating to Del Re's responsive filings. Del Re's motion for leave to add a defense is continued pending Krawczyk's responsive submission. Finally, it now becomes necessary to determine the next steps needed to move the case forward for ultimate disposition. This Court sets a status hearing for 9 a.m. July 26, 2002.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 9, 2002