# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6817 | **DATE** | 7/30/2002 |
| **CASE TITLE** | Paul Krawczyk vs. Gary Del re, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this memorandum opinion and order, Del Re's motion for leave to file an Amended Answer is denied. (92-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 30 2002 | |
| | Notified counsel by telephone. | | date docketed | 96 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL H. KRAWCZYK,

        Plaintiff,

v.                      No. 98 C 6817

GARY DEL RE, etc.,

        Defendant.

DOCKETED
JUL 3 0 2002

MEMORANDUM OPINION AND ORDER

This is by some distance the oldest case on this Court's calendar, rapidly approaching its fourth anniversary. Yet less than two months ago defendant Lake County Sheriff Gary Del Re ("Del Re") filed a motion for leave to file an Amended Answer to the First Amended Complaint ("FAC") asserted against him by his former employee Paul Krawczyk ("Krawczyk"), charging violations of the Americans with Disabilities Act ("ADA"). Krawczyk has now filed a Memorandum in Opposition to that motion. For the reasons stated in this memorandum opinion and order, Del Re's motion is denied.

By way of background, Krawczyk's FAC originally encompassed six counts, brought not only under ADA but also under the Federal Rehabilitation Act. And there is no question that Del Re and his counsel were well aware of the time limits for employment discrimination claims of this nature, for their initial responsive pleadings--filed way back on February 9, 1999-- embraced an answer to the Count I ADA claim and a motion to

96

dismiss all claims advanced under ADA Title II and the Rehabilitation Act. Indeed, this Court promptly issued a March 10, 1999 memorandum opinion and order that granted the relief sought by Del Re, so that only the FAC Count I ADA claim survived.

Extensive discovery then ensued over a protracted period of time--so protracted that this Court had to enter (each time with the parties' joint consent), but then had to vacate in favor of a later timetable, five or six close-of-discovery schedules. Ultimately discovery was closed on May 1, 2001--some 15 months ago. Then in October of last year Krawczyk's counsel filed what was sought to be framed as a Fed. R. Civ. P. ("Rule") 56 partial summary judgment motion, which this Court more properly characterized as a Rule 16 issue-narrowing motion. That produced bulky submissions and cross-submissions by the parties (well over seven inches thick) over a period spanning some eight more months, ultimately resulting in this Court's July 9, 2002 memorandum opinion and order that denied Krawczyk's Rule 16 motion and continued for future decision the Del Re motion now at issue (which had been filed only a month earlier).

To be sure, Rule 15(a) and the caselaw construing it counsel liberality in permitting the amendment of pleadings--as Rule 15(a) puts it, "leave shall be freely given when justice so requires." But it is also true that Rule 12(b) requires all

2

defenses (which would include any Rule 8(c) affirmative defenses such as limitations) to be asserted in the responsive pleading--here in Del Re's answer to the FAC--on pain of possible waiver (or more accurately, forfeiture).

In this instance this Court's review of the FAC confirms that it was clear from the outset that Krawczyk's ADA claim could not reasonably have been read, as Del Re's Motion ¶7 now has it, as limiting his grievance to "the alleged refusal of the Defendant to respond to his request for accommodation alleged to have been made on September 28, 1996 and the termination of his employment on September 30, 1996." FAC ¶¶18 and 19 refer to Del Re's responses to Krawczyk's accident-produced physical limitations by imposing only light duty on Krawczyk beginning April 8, 1994 and by placing him on temporary disability beginning September 28, 1995. Those allegations were followed by FAC ¶¶20 and 21:

> 20. At all times pertinent hereto, Plaintiff asked for reasonable accommodations pertaining to his disability, including without limitation that he be trained to shoot his firearm with his left hand and that he be retrained for other assignments.
>
> 21. Defendant refused to grant Plaintiff any reasonable accommodation, including without limitation firearm training with Plaintiff's left hand and retraining for other assignments.

Then, after the FAC ¶22 reference to a notice of imminent termination delivered to Krawczyk on September 26, 1996, FAC ¶¶23 and 24 asserted (emphasis added):

3

> 23. On or about September 28, 1996, Plaintiff <u>once again</u> asked for reasonable accommodation for his disability.
>
> 24. Defendant refused to grant Plaintiff any reasonable accommodation, including without limitation firearm training with Plaintiff's left hand and retraining for other assignments.

What must the reasonable reader have concluded from the fact (among others) that FAC ¶24 was a <u>verbatim</u> repetition of FAC ¶21? Only one thing: that FAC ¶21 complained about Del Re's asserted failure to accommodate Krawczyk's claimed disability by the conduct alleged in the FAC paragraphs preceding that allegation, while FAC ¶24 made the same complaint about Del Re's September 19, 1996 conduct alleged in FAC ¶¶22 and 23.

Nor could Del Re have asserted even then that some other reading of Krawczyk's asserted grievance was appropriate. Even before this lawsuit was filed, Krawczyk's charge of discrimination submitted to EEOC had complained of the denial of his request for accommodation of his claimed disability <u>before</u> as well as <u>during</u> September 1996.

If Del Re's current assertion of unawareness of that plain meaning is viewed as one of ingenuousness or negligence on the part of Del Re and his counsel, rather than its being disingenuous, it is still inexcusable for them to have waited for well over three years to attempt to cut off a major part of what Krawczyk has claimed from the outset. It is frankly offensive for Del Re to assert that "[t]he allowance of this motion will

4

not prejudice the Plaintiff" because it wouldn't "be dispositive of Plaintiff's case as he will still be able to pursue a cause of action for the purported refusal of the defendant to accommodate him as requested on September 28, 1996 and the termination of his employment on September 30, 1996." It would be cold comfort indeed for Krawczyk to be limited to a thus bobtailed portion of his overall claim.

In part Krawczyk's responsive memorandum complains of Del Re's asserted delays and foot-dragging during the extended discovery period. This Court takes no position on whether and to what extent fault should be ascribed to either party--it does not view the denial of Del Re's motion as some type of sanction (or as a substitute for sanctions that might otherwise be appropriate). Rather the rejection of the motion is based on its own intrinsic lack of merit.[1]

In brief, this case represents a poster child for the principle of waiver (really forfeiture) of the far-too-tardily-advanced proposed affirmative defense, rather than for the granting of Rule 15(a) relief. Del Re's undue delay alone, even apart from its further exacerbation by the prejudice that would be visited on Krawczyk, brings this case within the exceptions

---

[1] It is true, however, that the eschewal by Krawczyk's counsel of any discovery as to any possible time bar during the long period while such discovery took place (because Del Re had not raised any such defense) also bears mention on the subject of possible prejudice.

5

stated in Foman v. Davis, 371 U.S. 178, 182 (1962) to the general approach of Rule 15(a)--see, e.g., such cases as Fort Howard Paper Co. v. Standard Havens, Inc., 901 F.2d 1373, 1379-81 (7th Cir. 1990). In terms of the standard embodied in that Rule, justice does not require what Del Re now asks. Del Re's current motion is denied.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: July 29, 2002