# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6817 | **DATE** | 12/2/2002 |
| **CASE TITLE** | Paul Krawczyk vs. Gary Del Re, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Krawczyk's motions in Limine (100-1, 102-1) are granted as unopposed. Krawczyk's motion in limine (101-1) is granted. Krawczyk's motion (103-1) is granted in part and denied in part. Krawczyk's motions (104-1, 106-1) is denied. Del Re's motions in Limine (107-1, 111-1) are denied. Del Re's motion in limine (109-1) is granted. A status hearing is set for December 16, 2002 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 03 2002 | |
| | Notified counsel by telephone. | | date docketed | 127 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 12/2/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | 02 DEC -2 PM 3:54 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAUL H. KRAWCZYK,              )
                               )
            Plaintiff,         )
                               )
    v.                         )   No. 98 C 6817
                               )
GARY DEL RE, etc.,             )
                               )
            Defendant.         )

MEMORANDUM OPINION AND ORDER

Both plaintiff Paul Krawczyk ("Krawczyk") and defendant Gary Del Re ("Del Re") have filed timely motions in limine and responses to the other party's like motions in this case, which is now ready for trial in conformity with the final pretrial order ("FPTO") that the parties jointly submitted and that this Court entered on October 10, 2002. This memorandum opinion and order addresses those motions in limine.[1]

## Krawczyk's Motions

Krawczyk's Motion in Limine Regarding Plaintiff's Personnel Records (Dkt. 100) and Motion in Limine Regarding Use of Terms (Dkt. 102) have not been responded to by Del Re, and this Court therefore deems them to be unopposed. Both are granted. All of

---

[1] Other motions tendered by the litigants, which deal with the admissibility of certain exhibits and certain testimony at trial, will be dealt with separately hereafter. That deferral is occasioned in part because it is not entirely clear from the parties' submissions which of those motions they believe should be ruled on in advance of trial and which of them can be dealt with more appropriately in the context of (and hence during) the trial itself.

Krawczyk's other motions have been responded to by Del Re in one way or another, calling for rulings ranging from a few sentences to more extensive treatment.

Krawczyk's Motion in Limine Barring Defendant's Expert, Gene Carmean, From Testifying at Time of Trial (Dkt. 101, which also carries a Dkt. 105 number because two identical motions were filed inadvertently) has been responded to by Del Re's Dkt. 118. Disposition of that motion requires a good deal of background explanation.

It took an extraordinarily long period--four years!--to bring this case from its filing date to the FPTO stage.[2] In the interim Magistrate Judge Nan Nolan, to whom this Court had then referred the resolution of some discovery disputes and the supervision of other discovery, twice set discovery cutoff dates--initially November 27, 2000, then February 28, 2001. Then this Court, which never establishes a close-of-discovery deadline without the assurance of the litigants that they can meet that schedule,[3] vacated and reset such deadlines several times (in

---

[2] Small wonder that this case is by some margin the oldest pending case on this Court's calendar.

[3] This Court's procedure in that respect avoids the establishment and invariable later vacatur of such timetables under Fed. R. Civ. P. ("Rule") 16, a phenomenon created by the truism that lawsuits are not fungible--so that any attempt at a one-size-fits-all order is doomed to failure--and by the fact that it is extraordinarily difficult, at the outset of a case of any complexity, for the parties or the court to have an unclouded crystal ball that allows them to predict accurately the future

each instance at the request of one or both parties).

With the final such extension then being followed by an ultimately unsuccessful issue-narrowing motion brought by Krawczyk (who had initially sought to characterize that motion as one for summary judgment),[4] there is no question that all factual discovery was in the past, not the future. As for expert discovery, Krawczyk's motion referred to in n.4 had also asked for the deferral of Krawczyk's obligation to provide expert witness reports until after Del Re had filed his then-anticipated summary judgment motion (so that Krawczyk would know in just what areas he would need to obtain opinion testimony). This Court granted that motion at its time of presentment on May 21, 2001 (Dkt. 52), and no further modification or other order dealing with the subject of expert testimony was entered during the extended period when the parties' attention turned to the issue-narrowing motion. That being so, the entire issue of expert testimony remained controlled by the provisions of Rule 26.

Yet it was not until October 4, 2002, on the eve of entry of the FPTO, that Del Re's counsel saw fit to deliver to Krawczyk's counsel the report that had been prepared by Med-Tox Health

---

needs involved in getting the case ready for trial.

[4] Before Krawczyk's counsel moved for the establishment of a schedule for that motion (Dkt. 51, filed May 16, 2001), Del Re's counsel had also indicated an intention to file for summary judgment. As matters developed, however, no such Del Re motion was ever filed.

Services under the authorship of Gene Carmean ("Carmean"). Krawczyk's motion represents in that respect:

> 1. During the course of discovery, plaintiff has consistently sought the identity of any and all experts that would testify on behalf of the defendant, as well as the opinions of the experts, including any reports in support of the expert's opinions. That in the course of the preparation of the pre-trial memoranda, in fact, and a couple of days prior to the filing of the pre-trial order, the plaintiff's attorneys received the report prepared by Med-Tox Health Services on October 4, 2002. The identity of Med-Tox Health Services and/or the author of the report, Gene Carmean, was not previously made available to the plaintiff.
>
> 2. The report from Med-Tox, including supporting documentation, consisted of 24 pages. Med-Tox Health Services refers to the work performed in 1986 regarding a job analysis for the sheriff's department for Lake County. At no time during discovery was this report made available for plaintiff's examination and/or inspection. Further, the time limitations for disclosing Mr. Carmean were not met.

Del Re's response does not dispute those assertions in any respect.

Under those (or indeed any) circumstances, it simply will not do for Del Re's counsel to argue (as they do in their response, Dkt. 118) that no harm has been caused by their belated disclosure because the case will not go to trial until next year and, as counsel would have it, "since no deadline for disclosing experts had been set by this court, the disclosure is within the minimum of 60 days before the start of trial as provided by Rule 26" (id. at 1). That position totally misstates the express requirement of Rule 26(a)(2)(C) (emphasis added):

4

> These disclosures [as to expert testimony, set out in Rule 26(a)(2)(A) and (B)] shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, <u>the disclosures shall be made at least 90 days before</u> the trial date or <u>the date the case is to be ready for trial</u>....

Everyone understands that the function of an FPTO is to set the ground rules for trial at a time when everything necessary for that purpose has been accomplished--hence the "F" (for <u>final</u>) in FPTO.[5] When a case reaches the FPTO stage, counsel must be ready for trial at any time thereafter--it is simply a matter of a court's courtesy to counsel that then fits the trial schedule to everyone's availability, and that thus causes a hiatus between entry of the FPTO and the actual trial. Discovery schedules are to be taken seriously, and the Rules even more so. It is not accidental that Rule 26(a)(2)(C) speaks alternatively of the date when the case "is to be ready for trial"--the FPTO's entry date.

For those reasons Del Re's last-minute (or more accurately, after-the-last-minute) insertion of a previously undisclosed expert witness, when so much time had been available earlier for a timely submission, cannot be countenanced. Krawczyk's Dkt. 101 motion is therefore granted.

---

[5] That leaves room, of course, for the kind of motions in limine that are exemplified here and for the parties to pose objections to designated exhibits or to the testimony of designated witnesses. But all of those things operate on the case ingredients that are already identified in the FPTO, which--as already said in the text--sets out the game plan for trial.

As for Krawczyk's Motion in Limine Regarding Return to Work Without Restrictions Policies (Dkt. 103), Del Re's response (Dkt. 120) correctly points out that the relief sought by Krawczyk is somewhat vaguely framed. What is clear, however, is that the parties agree on the irrelevance to the issues that are posed by this litigation (1) of Lake County's policies (as such) and (2) of the Rules and Regulations of the Lake County Sheriff's Office Merit Commission. By contrast, Sheriff Del Re's own policies are of course relevant, as his response urges. Accordingly the Dkt. 103 motion is granted in part and denied in part.

Krawczyk's Motion in Limine Regarding Firearm Qualification (Dkt. 104) materially overstates any appropriate exclusion from evidence in this controverted area. Del Re will, as his response (Dkt. 117) urges, have the opportunity to present to the jury his version of why the requirement of firearm qualification should apply to Krawczyk. In turn, Krawczyk will have the opportunity to present to the jury his contentions that bear on the credibility and probative force of Del Re's contentions as they have been set out in his Dkt. 117. So the Dkt. 104 motion as presented, to the extent that it seeks a complete bar of evidence relating to the subject, is denied.

Finally, Krawczyk's Motion in Limine Regarding Post-Termination Mental Health Treatment (Dkt. 106) is at odds with

the aspect of Krawczyk's case in which he seeks to recover damages for intangible harms in the form of emotional distress and the like. Just what Del Re will be entitled to proffer on that score (see his Dkt. 119 for his present contentions) will be a function of the nature of Krawczyk's proof, but in the meantime Krawczyk's blanket Dkt. 106 motion for exclusion is denied.

## Del Re's Motions

As to Del Re's Motion in Limine To Bar Non-Expert Testimony Regarding Modifications to Plaintiff's Weapon as a Reasonable Accommodation (Dkt. 107) and his supporting memorandum (Dkt. 108), Krawczyk's detailed response (Dkt. 124) reveals that the parties' counsel are truly akin to ships that pass in the night. In general what Krawczyk has described as his proposed evidence regarding the impact of Del Re's position about the use of a firearm appears plainly admissible, although this Court reserves ruling on any specific items that Del Re may challenge in the environment of the trial itself. In the meantime Del Re's Dkt. 107 motion, phrased as it is as an all-embracing prohibition, is denied.

Del Re's Motion in Limine To Bar Argument That the County of Lake Was Plaintiff's Employer (Dkt. 109) and its supporting memorandum (Dkt. 110) provide another instance of the parties' failure to tilt lances on the same field. Krawczyk does not urge that he was <u>employed</u> by Lake County rather than by Sheriff Del

Re, so that Del Re's motion as it has been framed tilts at a nonexistent windmill. Instead Krawczyk's response (Dkt. 126) details what appear to be plausible evidentiary offerings. Even though Del Re's Dkt. 109, when strictly limited in the manner stated in its caption (but only when so limited), is granted, Krawczyk's responsive proffer is accepted--once again subject to any potential need for at-trial rulings as referred to in the preceding paragraph.

Finally, Del Re's Motion in Limine To Bar the Testimony of Milton Q. Ellenby ("Ellenby")(Dkt. 111) and its supporting memorandum (Dkt. 112) address both (1) the issue whether consulting actuary Ellenby should be allowed to testify before the jury and (2) the sufficiency of his stated expert opinion. On the first issue, Krawczyk's response (Dkt. 125) suggests that the issues of back pay and front pay ought to go before the jury, if only for advisory purposes. But this Court has consistently held, in accordance with <u>Pals v. Schepel Buick & GMC Truck, Inc.</u>, 220 F.3d 500-01 (7th Cir. 2000), that both of those issues are equitable in nature and hence are for the court and not a jury to decide. In that respect Del Re's Dkt. 111 motion is granted.

Del Re has also challenged actuary Ellenby's report as assertedly not satisfying the requirements of Rule 26(a)(2)(B). Krawczyk's response would be wrong in relying solely on Del Re's failure to seek to depose Ellenby (Dkt. 125 at 1), for the

8

Committee Note dealing with that amendment to Rule 26 expressly contemplates that the party receiving such a report may decide that no deposition is necessary (whether or not the report suffices to meet the Rule's requirements). But Krawczyk's Dkt. 116, which responds to Del Re's like objection that had been voiced in FPTO Ex. E, explains that the situation must be viewed in light of Krawczyk's May 16, 2001 request for deferral of his obligation to provide expert witness reports (discussed earlier)--a request that this Court had granted--and the aftermath of that granted request.

In that respect, when Krawczyk later tendered the original report in the summer of this year (it was used in conjunction with an attempt at settlement under the auspices of Magistrate Judge Nolan), in ample time for the taking of Ellenby's deposition before the FPTO deadline, the parties engaged in some back-and-forth on the subject during which (in part) Krawczyk's counsel offered to make Ellenby available for deposition at a mutually convenient time. When Del Re's counsel neither sought to do so nor interposed any objection to the Ellenby report, Krawczyk's counsel understandably viewed the matter as posing no problem. Then promptly after an issue of the report's adequacy was raised (for the first time) by Del Re in the FPTO, Krawczyk provided Del Re with the necessary supplemental information and data (Dkt. 116 Ex. D) to address the matter.

Under those circumstances, Del Re's Dkt. 111 motion to bar the Ellenby report itself is denied. This Court will consider that and other relevant matters if the issues of backpay and front pay come before it for a bench hearing.

## Unresolved Motions

As indicated earlier, several motions relating to the parties' FPTO objections to the admissibility of certain exhibits and of certain witness testimony have not been dealt with here.[6] This opinion's n.5 has explained the reason for that deferral. Because that subject may also be dealt with most conveniently at a status hearing rather than on paper, this Court's minute clerk will be in touch with counsel for the parties to set up a time for that purpose.

*[signature]*

Milton I. Shadur
Senior United States District Judge

Date: December 2, 2002

---

[6] Dkt. Nos. 115, 121, 122 and 123 are responses filed by the parties that address those objections.